JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Marvin C. Fullerton, appeals the decision of the Euclid Municipal Court, which ordered the forfeiture of his $4,000 bond. For the following reasons, we find the appellant's appeal has merit.
 {¶ 2} The instant matter stems from a routine traffic stop in the City of Euclid in September 1997 where Fullerton attempted to pass a fictitious drivers license. He was arrested and released on a $4,000 cash appearance bond that was paid in full on September 18, 1997. On September 22, 1997, he was taken into custody by the federal government in Case No. 97CR00305-001. Because of his incarceration on the federal charges, he was unable appear on the underlying charges in the Euclid Municipal Court. Due to his failure to appear, the lower court issued a bond forfeiture capias on October 16, 1997.
 {¶ 3} In the interim, Fullerton remained in federal custody due to his conviction in Case No. 97CR00305-001.[1] While incarcerated, he filed a motion to vacate the bond forfeiture of October 16, 1997, which was granted on March 1, 1999 because of his incarceration. Thereafter, on January 11, 2000, and for no apparent reason, the lower court reissued the bond forfeiture capias. On January 8, 2002, the lower court lifted the capias and dismissed the pending charges against Fullerton in the interest of justice. Despite the dismissal of the underlying charges against Fullerton, the lower court failed to vacate the bond forfeiture. Fullerton once again filed a motion to vacate the bond forfeiture, which was overruled by the lower court on February 14, 2002. It is from this denial of his motion to vacate forfeiture of the bond that Fullerton now appeals.
 {¶ 4} The appellant presents one assignment of error for this court's review:
 {¶ 5} "I. THE EUCLID MUNICIPAL COURT IMPROPERLY FORFEITED DEFENDANT'S BOND IN CASE NO. 97CRB1229A-E, CITY OF EUCLID V. MARVIN C. FULLERTON."
 {¶ 6} In his sole assignment of error, the appellant argues that the lower court erred in refusing to vacate the previous bond forfeiture since all charges pending against him were dismissed in the interest of justice.
 {¶ 7} Crim.R. 46 provides:
 {¶ 8} "(M) Forfeiture of bonds. If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail. Forfeiture proceedings shall be promptly enforced as provided by law."
 {¶ 9} R.C. 2937.36 provides:
 {¶ 10} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
 {¶ 11} "* * *
 {¶ 12} "(C) As to recognizances he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail."
 {¶ 13} The language of Crim.R. 46 is clear and unambiguous. First, Crim.R. 46 requires that the court declare a forfeiture when the defendant breaches the bond's condition, i.e, when the defendant fails to appear. Second, Crim.R. 46 requires that the court promptly enforce the forfeiture proceedings described in R.C. 2937.36; i.e., it requires that the court finalize its adjudication of forfeiture within 20 to 30 days, either by exonerating the surety for "good cause" or by entering judgment for the penalty specified in the bond.
 {¶ 14} In reviewing the record, it is clear that the lower court failed to promptly enforce the forfeiture statute described in R.C.2937.36, which requires that the court finalize its adjudication of forfeiture within 20 to 30 days, either by exonerating for "good cause" or by entering judgment for the penalty specified in the bond. On March 3, 1999, the lower court vacated the previous bond forfeiture of October 16, 1997, because the lower court had received notice of the appellant's incarceration. Thereafter, on January 11, 2000, with no notice to the appellant, the lower court unilaterally forfeited the appellant's bond with no hearing even though the lower court was fully apprised of the appellant's incarceration. Last, and most disturbing, the lower court dismissed the charges against the appellant "in the interest of justice" since the charges had been pending for a great deal of time, but failed to notice any type of bond revocation hearing.
 {¶ 15} Simply, the lower court was fully aware of the appellant's incarceration. Granted, the appellant breached a condition of bond; nevertheless, the lower court failed wholly in following the mandates prescribed by R.C. 2937.36. As such, this court is left with no other recourse but to vacate the forfeiture of bond and enter judgment in favor of the appellant.
 {¶ 16} The forfeiture of bond is hereby vacated and judgment is hereby entered in favor of the appellant entitling him to full reimbursement of the previously tendered bond.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANN DYKE, J., CONCUR.
[1] The appellant has been in federal incarceration since 1997.